UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

LARRY BALL,

    Plaintiff,

v

ZACHERY PERKINS, BRIAN
EVERS, FREDERICK UDELL,
JESSICA SMALLEY-THOMPSON,
and ROBERT JOHNSON,

    Defendants.

NO. 2:19-cv-10315

HON. PAUL D. BORMAN

MAG. MONA K. MAJZOUB

---

Julie H. Hurwitz (P34720)
William H. Goodman (P14173)
Goodman Hurwitz & James, P.C.
Attorneys for Plaintiff
1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170
jhurwitz@goodmanhurwitz.com
bgoodman@goodmanhurwitz.com

Thomas E. Kuhn (P37924)
Co-counsel for Plaintiff
645 Griswold, Ste. 1900
Detroit, MI 48226
(313) 974-6605
tekuhn@aol.com

Kyla L. Ragatzki (P81082)
Andrew J. Jurgensen (P81123)
Michigan Dep't of Attorney General
Assistant Attorneys General
Attorneys for MDOC Defendants
Brian Evers, Jessica Smalley-
Thompson, Frederick Udell &
Robert Johnson
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
barrancok@michigan.gov
JurgensenA2@michigan.gov

    /

**MDOC DEFENDANTS' MOTION TO DISMISS**

    Defendants Brian Evers, Frederick Udell, Jessica Smalley-Thompson, and Robert Johnson (collectively, MDOC Defendants),

through counsel, move under 28 U.S.C. § 1367 to dismiss Counts 3, 4, and 5 of Plaintiff's complaint for the reasons set forth in their accompanying brief in support. Pursuant to E.D. Mich. LCR 7.1(a)(2)(C), on March 4, 2019, "there was a conference between [the] attorneys . . . in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought."

> Respectfully submitted,
>
> Dana Nessel
> Attorney General
>
> */s/ Andrew J. Jurgensen*
> Andrew J. Jurgensen (P81123)
> Kyla L. Ragatzki (P81082)
> Michigan Dep't of Attorney General
> Assistant Attorneys General
> Attorneys for MDOC Defendants
> Brian Evers, Jessica Smalley-Thompson, Frederick Udell &
> Robert Johnson
> State Operations Division
> P.O. Box 30754
> Lansing, MI 48909
> (517) 335-7573
> barrancok@michigan.gov
> JurgensenA2@michigan.gov

Dated: March 6, 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

LARRY BALL,

    Plaintiff,       NO. 2:19-cv-10315

v       HON. PAUL D. BORMAN

ZACHERY PERKINS, BRIAN       MAG. MONA K. MAJZOUB
EVERS, FREDERICK UDELL,
JESSICA SMALLEY-THOMPSON,
and ROBERT JOHNSON,

    Defendants.

| | |
|---|---|
| Julie H. Hurwitz (P34720) | Kyla L. Ragatzki (P81082) |
| William H. Goodman (P14173) | Andrew J. Jurgensen (P81123) |
| Goodman Hurwitz & James, P.C. | Michigan Dep't of Attorney General |
| Attorneys for Plaintiff | Assistant Attorneys General |
| 1394 E. Jefferson Avenue | Attorneys for MDOC Defendants |
| Detroit, MI 48207 | Brian Evers, Jessica Smalley- |
| (313) 567-6170 | Thompson, Frederick Udell & |
| jhurwitz@goodmanhurwitz.com | Robert Johnson |
| bgoodman@goodmanhurwitz.com | State Operations Division |
| | P.O. Box 30754 |
| Thomas E. Kuhn (P37924) | Lansing, MI 48909 |
| Co-counsel for Plaintiff | (517) 335-7573 |
| 645 Griswold, Ste. 1900 | barrancok@michigan.gov |
| Detroit, MI 48226 | JurgensenA2@michigan.gov |
| (313) 974-6605 | |
| tekuhn@aol.com | |

                                                                    /

**MDOC DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. This Court may decline to exercise supplemental jurisdiction over state law claims that raise novel or complex issues of state law. Plaintiff brings claims that raise novel and complex issues of state law. Should this Court decline to exercise supplemental jurisdiction over those state law claims?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*: 28 U.S.C. § 1367

## STATEMENT OF FACTS

Plaintiff Larry Ball (Plaintiff) filed his complaint in the instant action against MDOC Defendants as well as former Michigan Department of Corrections (MDOC) employee Zachery Perkins (Defendant Perkins). Plaintiff alleges that Defendant Perkins stalked and harassed Plaintiff while he was incarcerated in the custody of MDOC and that MDOC Defendants aided, or at least failed to prevent, Defendant Perkins's harassment. (Compl, R. 1, PageID.5–13.) Plaintiff brings two constitutional claims under 42 U.S.C. § 1983 and three state law claims under the Elliot-Larsen Civil Rights Act (ELCRA). Specifically, Plaintiff's ELCRA claims relate to the creation and maintenance of a "hostile prison environment" under Article 3 of the ELCRA. (*Id.*, PageID.19–23.)

The ELCRA, MCL 37.2101 *et seq.*, is a civil rights statute enacted by the Michigan Legislature pursuant to a directive in the Michigan Constitution, which states, in relevant part:

> No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin. The legislature shall implement this section by appropriate legislation. [Mich. Const. art. 1, § 2.]

5

The ELCRA mirrors Title VII in many ways and is most often used in employment settings. *See Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) ("Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases."). Article 2 of the ELCRA applies to employers, employment agencies, and labor organizations. MCL 37.2201. Article 3 of the ELCRA applies to places of public accommodation and public services. MCL 37.2301.

In *Neal v. Dep't of Corrections (On Rehearing)*, 592 N.W.2d 370, 375 (Mich. Ct. App. 1998), the Michigan Court of Appeals held that prisons were included in the "public service" language of Article 3 of the ELCRA. The court's opinion was on rehearing, and the court reversed its previous opinion—which originally concluded that prisons were excluded from the definition of "public service" under the ELCRA. *Neal v. Dep't of Corr.*, 583 N.W.2d 249, 254 (Mich. Ct. App. 1998), opinion vacated (June 25, 1999) ("[W]e reject any interpretation of the Civil Rights Act that would bring prisons within its scope and subject prison personnel to discrimination lawsuits brought by prisoners pursuant to the act"). This holding concluded years of litigation aimed at resolving whether Article 3 of the ELCRA applied to prisons.

6

In 1999, and in direct response to the court's decision in *Neal*, the Michigan Legislature amended the ELCRA to exclude prisons in the definition of "public service;" the definition language was changed to, and remains:

> a public facility, department, agency, board, or commission, owned, operated, or managed by or on behalf of the state, a political subdivision, or an agency thereof or a tax exempt private agency established to provide service to the public, **except that public service does not include a state or county correctional facility with respect to actions and decisions regarding an individual serving a sentence of imprisonment.**
> [MCL 37.2301(b) (emphasis added).]

The Michigan Legislature was clear that it added this new exclusionary language to nullify the court's decision in *Neal*. *See* 1999 PA 202, enacting § 1 ("This amendatory act is curative and intended to correct any misinterpretation of legislative intent in the court of appeals decision [*Neal*]. This legislation further expressed the original intent of the Michigan Legislature that an individual serving sentence of imprisonment in a state or county correctional facility is not within the purview of this act.").

But this legislative amendment was, once again, recently called into question by the Michigan Court of Appeals. Indeed, the court held

7

that the language added to the ELCRA in 1999 by the Michigan Legislature excluding prisons from the definition of "public service" is unconstitutional. *Does 11-18 v. Dep't of Corr.*, 917 N.W.2d 730, 736 (Mich. Ct. App. 2018). The case is currently pending on application for leave to appeal to the Michigan Supreme Court. (Ex. A, *Does 11-18* docket sheet.)

While the majority in *Does 11-18* did not specifically address whether a "hostile prison environment" claim is cognizable under the ELCRA, Judge Peter D. O'Connell, writing for the dissent, noted that:

> the vast majority of hostile-environment civil-rights-act cases involve employment cases under Article 2 of the ELCRA. Plaintiffs have not cited a published hostile-environment case that involves a prison setting as it relates to the term "public services" as found in Article 3 of the ELCRA. No such case exists. I conclude that no reason exists to extend hostile-environment cases beyond employment cases. For that reason alone, plaintiffs' complaint fails to state a hostile-environment cause of action under Article 3 of the ELCRA.
>
> If plaintiffs are correct, then every single prisoner in the State of Michigan can sue the state for being placed in a sexually hostile-prison environment. I, for one, will not be the first judge to extend the hostile environment line of cases to state prisons. **That is a public policy question best left to the Legislature or to the Supreme Court.** *[Does 11-18*, 917 N.W.2d at 746 (O'Connell, J., dissenting) (emphasis added).]

8

Thus, whether a plaintiff may bring a hostile prison environment claim under the ELCRA is an open question in Michigan.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1367(a), a district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But a district court "may decline to exercise supplemental jurisdiction over a claim . . . if—(1) the claims raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Id.* at § 1367(c)(1)–(4).

## ARGUMENT

As noted in Plaintiff's complaint, this Court has original subject-matter jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4). But to adjudicate Plaintiff's state law ELCRA claims, this Court would have to exercise supplemental jurisdiction via 28 U.S.C. § 1367(a).

Under 28 U.S.C. § 1367(c), this Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims if, *inter alia*, the claims "raise a novel or complex issue of State law," or "there are other compelling reasons for declining jurisdiction." Courts, including this Court, have held that cases of first impression are examples of "novel or complex" issues of state law. *See, e.g.*, *Pactiv Corp. v. Chester*, 419 F. Supp. 2d 956, 967 (E.D. Mich. 2006); *see also*, *In re Kebe*, 444 B.R. 871, 882 (Bankr. S.D. Ohio 2011) ("Courts generally decline to exercise supplemental jurisdiction if the issue of state law is one of first impression.") (attached as Ex. B.)

The Sixth Circuit has held that judicial economy is a factor in deciding whether to exercise supplemental jurisdiction over state law claims, favoring the keeping of state law claims in federal court when

significant resources were expended in litigating those claims. *See Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992); *see also Filing v. Phipps*, No. 5:07-cv-1712, 2008 WL 11380153, at *11 (N.D. Ohio Oct. 17, 2008) (declining to exercise supplemental jurisdiction over state law claims of first impression where few resources had yet to be expended) (attached as Ex. C.) Ultimately, this Court has "broad discretion in deciding whether to exercise supplemental jurisdiction." *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999).

Plaintiff's ELCRA claims are precisely the type of claims § 1367(c) contemplates as "novel or complex" state law claims. Whether Article 3 of the ELCRA applies to prisons and prisoners has been a question of significant public controversy in Michigan since the 1990s. Both Michigan courts and its legislature have engaged in a decades-long struggle to balance the weighty public policy considerations with the individual, constitutional rights of Michigan's prisoner population. That struggle continues, and Michigan's public institutions should have the right to resolve this dispute inhouse. *See Cooper v. Parrish*, 203 F.3d 937, 953 (6th Cir. 2000); *see also Seabrook v. Jacobson*, 153 F.3d

11

70, 72 (2d Cir. 1998) ("Where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts.").

Given the history of both Michigan courts and the Michigan Legislature's treatment of the ELCRA, it is not unlikely that the Michigan Supreme Court will grant certiorari in *Does 11-18* to address the constitutionality of the Michigan Legislature's latest attempt to narrow the scope of the ELCRA.[1] Whether an affirmation of the Court of Appeal's decision in *Does 11-18* will lead to the Michigan Legislature further amending language in the ELCRA remains to be seen, but it would not be unprecedented given the Michigan Legislature's response

---

[1] Before the Court of Appeals in *Does 11-18* held that the language added to the ELCRA in 1999 was unconstitutional, a different Court of Appeals panel held that it *was* constitutional and that prisoners could *not* file claims under the ELCRA. *Does 11-18*, 917 N.W.2d at 734. The Michigan Supreme Court vacated that decision because the case was subject to automatic dismissal under the Prisoner Litigation Reform Act. *Id.* The case then made its way back to the Court of Appeals, which issued the opposite ruling discussed above. Thus, in both *Neal* and *Does*, the Michigan Court of Appeals issued two contrary rulings. The Michigan Supreme Court should be given the opportunity to resolve this question.

12

to the court's decision in *Neal*. Thus, the constitutionality of the ELCRA in its present form is an open question for the State of Michigan to resolve, and this Court should decline to exercise supplemental jurisdiction over Plaintiff's claims that Michigan courts may determine to be non-cognizable. 28 U.S.C. § 1367(c).

In addition to the open question of the ELCRA's constitutionality, Judge O'Connell's identification of the lack of Michigan case law to support a "hostile environment" claim under Article 3 of the ELCRA provides another basis for this Court to decline to exercise supplemental jurisdiction in this case. Judge O'Connell wrote in his dissent that a "hostile environment" claim in the prison context does not exist, constitutes a slippery slope to mass prisoner litigation, and is ultimately "a public policy question best left to the Legislature or to the Supreme Court." *Does 11- 18*, 917 N.W.2d at 746 (O'Connell, J., dissenting).

Plaintiff's ELCRA claims in this case are all related to the allegation that the Defendants created and maintained a "sexually hostile prison environment." (Compl, R. 1, PageID.19–23.) These are "novel" statutory claims under Michigan law insofar as there are no

13

published cases relating to such claims and whether Plaintiff may bring any claim under the statute at all is an open question. *Does 11*-18, 917 N.W.2d at 746 (O'Connell, J., dissenting). Whether "sexually hostile prison environment" claims are cognizable under the ELCRA is a matter of first impression, and this Court should decline to adjudicate such a claim before the Michigan courts have had a chance to address the issue as teed up in Judge O'Connell's *Doe 11-18* dissent. *Pactiv Corp.*, 419 F. Supp. 2d at 967.

In summary, while Plaintiff's allegations against Defendants may be actionable under § 1983, Plaintiff's ELCRA claims involve substantial issues of novel and complex state law. Furthermore, this case was filed just over a month ago and few judicial resources—if any—have been expended in litigating Plaintiff's ELCRA claims. *See Taylor*, 973 F.2d at 1288. For these reasons, there are "compelling reasons for declining" supplement jurisdiction over Plaintiff's ELCRA claims, and this Court should dismiss those claims in their entirety. 28 U.S.C. § 1367(c).

                                        Respectfully submitted,

                                        Dana Nessel
                                        Attorney General

                                        <u>*s/ Andrew J. Jurgensen*</u>
                                        Andrew J. Jurgensen (P81123)
                                        Kyla L. Ragatzki (P81082)
                                        Michigan Dep't of Attorney General
                                        Assistant Attorneys General
                                        Attorneys for MDOC Defendants
                                        Brian Evers, Jessica Smalley-
                                        Thompson, Frederick Udell &
                                        Robert Johnson
                                        State Operations Division
                                        P.O. Box 30754
                                        Lansing, MI 48909
                                        (517) 335-7573
                                        barrancok@michigan.gov
                                        JurgensenA2@michigan.gov

Dated: March 6, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such to all counsel of record.

                                        <u>*/s/ Andrew J. Jurgensen*</u>
                                        Andrew J. Jurgensen (P81123)
                                        Michigan Dep't of Attorney General